UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEPHANIE GORDON,<br><br>        Plaintiff,<br><br>vs.<br><br>JEFF HUGHES, *et al.*,<br><br>        Defendants. | Case No. 2:13-cv-01072-JAD-GWF<br><br>**ORDER**<br><br>Application to Proceed in Forma Pauperis (#1) |

    This matter comes before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#1) and Complaint (#1-1), filed together on June 18, 2013.

## DISCUSSION

### I.    Screening the Complaint

    Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint under section 1915(a). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under section 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

    Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d

719, 723 (9th Cir. 2000).  A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Plaintiff asserts claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101*, et seq.*  Specifically, Plaintiff alleges she was discriminated against at her workplace on the bases of disability and gender, and suffered retaliation.  Plaintiff claims that in October of 2012, her supervisors at a Home Depot store gave her a form for an audiologist to complete.  Plaintiff asserts that after she returned the completed form, her work hours were reduced from around 20 hours per week to around 12 hours per week.  Plaintiff further alleges that she obtained the assistance of a disability advocate, but that her supervisors never responded to any of the advocate's communications.  In September of 2011, Plaintiff claims she was offered full-time employment at a different Home Depot, but was not hired because Plaintiff refused to sign paperwork she did not understand.  In February 2012, after Plaintiff claims she filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), Plaintiff alleges her supervisors began pressuring her colleagues to "write statements" about her.  In March of 2012, on the day of her first scheduled meeting with the EEOC, Plaintiff received an offer for full-time employment at the same store.  In a May 2012 telephonic EEOC mediation between Plaintiff and Defendant Dorothy Perkins, whom the Court presumes to be a representative of Home Depot, Plaintiff alleges Perkins offered not to oppose Plaintiff's application for unemployment.  Finally, Plaintiff asserts that her supervisor "holds [her] to a different standard

than [her] male counterparts doing the same job."

To establish a prima facie case of disability discrimination under the ADA, a plaintiff must show that: (1) he is a disabled person within the meaning of the ADA; (2) he is a qualified individual, meaning he can perform the essential functions of his job; and (3) Defendant terminated him because of his disability. *See Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir.1999). A disability is a physical or mental impairment that substantially limits one or more major life activities, a record of such an impairment, or being regarded as having such an impairment. *See* 42 U.S.C. § 12102(1)(A)-(C). Here, Plaintiff does not establish that she is a disabled person within the meaning of the ADA. The Court can infer that Plaintiff might have a hearing impairment, but Plaintiff does not plead that any such impairment substantially limits a major life activity. Neither does Plaintiff plead facts sufficient to establish that she was qualified to perform the essential functions of her job at Home Depot. Finally, as far as the Court can comprehend, Plaintiff has not been discharged from her job. Therefore, the Court finds that Plaintiff has not pled facts sufficient to state a claim for disability discrimination.

To establish a prima facie case of gender discrimination under Title VII, a plaintiff must show that: (1) she is female; (2) she performed her job adequately; (3) she suffered an adverse employment action; and (4) she was treated differently than similarly situated male employees who did not suffer the same adverse employment action. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1031 (9th Cir. 2006). Here, Plaintiff pleads no facts to establish that she performed her job adequately. Plaintiff arguably pleads facts sufficient to show an adverse employment action as regards her reduced hours, but she does not establish that the reduction was at all related to her gender. Finally, although Plaintiff states that her supervisor "holds [her] to a different standard than [her] male counterparts doing the same job," merely conclusory allegations do not suffice under *Iqbal*, above. Accordingly, the Court finds that Plaintiff has not pled sufficient facts to state a claim for gender discrimination.

To state a retaliation claim under Title VII, a plaintiff must allege that: (1) he engaged in a protected activity, such as complaining about discriminatory practices; (2) he suffered an adverse employment action; and (3) there is a causal connection between his protected activity and the

adverse act. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093-94 (9th Cir. 2008).  Here, Plaintiff establishes that she engaged in a protected activity, insofar as she filed a complaint with the EEOC. Plaintiff also arguably establishes that she suffered an adverse employment action in the form of being written up.  Plaintiff does not, however, adequately establish that her filing a complaint with the EEOC caused the adverse employment action.  Therefore, the Court finds that Plaintiff has not pled sufficient facts to state a claim for retaliation.

In the event Plaintiff elects to proceed in this matter by filing an amended complaint, she is informed that the Court cannot refer to a prior pleading to make his amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (#1) is **granted**.  Plaintiff shall not be required to pay the $400.00 filing fee.

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's Complaint (#1-1).

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **dismissed** without prejudice for failure to failure to state a claim upon which relief can be granted.

...

...

...

...

**IT IS FURTHER ORDERED** that Plaintiff shall have until **February 13, 2014** to file an amended complaint that cures the deficiencies noted in this Order.

DATED this 14th day of January, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge