UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| STEPHANIE GORDON, | |
|---|---|
| Plaintiff, | CASE NO.: 2:13-cv-1072-JAD-GWF |
| vs. | **ORDER** |
| JEFF HUGHES, *et al.,* | |
| Defendants. | |

On January 15, 2014, the court dismissed plaintiff's claims without prejudice for failure to state a claim upon which relief can be granted. Doc. 3. Plaintiff was given until February 13, 2014, to file an amended complaint that cures the deficiencies noted in the order; she filed none. On July 11, 2014, I dismissed the case, and judgment was entered in favor of the defendants. *Id*.

Plaintiff now moves to set aside the judgment. Doc. 7. She represents that she never received the order directing amendment and wants an opportunity to continue to litigate this case. *Id*. I liberally construe this as a motion for relief from the judgment under Rule 60(b) and grant it.

Rule 60(b) permits a court to relieve a party from a final judgment, order, or proceeding if the movant can demonstrate: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000). The rule is "remedial in nature and . . . must be liberally applied." *TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 696 (9th Cir. 2001). "Determining whether neglect is

excusable requires a court to balance 'the danger or prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay,. . . and whether the movant acted in good faith.'" *Uche-Uwakwe v. Shinseki*, 349 F. App'x 136, 138 (9th Cir. 2009) (quoting *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir. 1997)).

Having considered each of these factors, I find excusable neglect that justifies setting aside the judgment. Although plaintiff waited seven months from the order directing amendment to file the instant motion, she explains that she never received that order or the court's ultimate dismissal order. Doc. 7. She claims she learned of the disposition from an attorney on July 30, 2014; she filed her motion for relief nine days later. *Id*. The motion was made "within a reasonable time" as Rule 60(c) requires and, in any event, far less than a year after the entry of judgment. Fed. R. Civ. P. 60(b) & (c). It appears that the length of the delay was not excessive in light of the circumstances, and, taking plaintiff at her word, I see nothing to cause me to conclude that she did not act in good faith. I also do not see any danger or true prejudice to the defendants if the judgment is unwound and I renew plaintiff's opportunity to file an amended complaint if she can cure the deficiencies identified in the dismissal order. When I overlay these considerations with the policy favoring deciding cases on their merits, I conclude that the motion should be granted.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to set aside the judgment **[#7] is GRANTED**;

The Clerk of Court is instructed to **set aside the judgment in favor of defendants [#6] and the order dismissing the case [#5]**;

IT IS FURTHER ORDERED that **plaintiff has until October 22, 2014, to file an amended complaint** that cures the deficiencies identified in the dismissal order [#3].[1] Plaintiff is cautioned that her failure to file a timely and proper amended complaint in full compliance with the rules of this court and the instructions in the order [#3] may result in the dismissal of this case with prejudice and without additional prior notice.

---

[1] Plaintiff has a copy of this order; she attached it to the instant motion. Doc. 7 at 5.

The Clerk of Court is directed to mail plaintiff a copy of this order at plaintiff's record address.

Dated: October 2, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE