# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| STEPHANIE GORDON, | ) |
|     Plaintiff, | ) Case No. 2:13-cv-01072-JAD-GWF |
| vs. | ) **ORDER** |
| JEFF HUGHES, *et al.*, | ) |
|     Defendants. | ) |

This matter is before the Court on Plaintiff's Amended Complaint (#11), filed on December 19, 2014. Plaintiff's Motion to proceed *in forma pauperis* was granted by the Court on January 15, 2014. (#4). When Plaintiff did not file an Amended Complaint, the case was dismissed. (#5). Plaintiff filed to set aside the default on August 8, 2014 (#7), and the Court granted the motion on October 2, 2014 (#8).

## BACKGROUND

Plaintiff alleges that she was the victim of workplace discrimination due to her gender and her disability. She further alleges that she was retaliated against after she filed complaints with the EEOC and the NERC.

## DISCUSSION

**I.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is

immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007). This is especially important for civil rights complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) *quoting Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*,

129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

## II.    Instant Complaint

### A.    Retaliation

To state a retaliation claim under Title VII, a plaintiff must allege that: (1) she engaged in a protected activity, such as complaining about discriminatory practices; (2) she suffered an adverse employment action; and (3) there is a causal connection between her protected activity and the adverse act. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093-94 (9th Cir. 2008). Here, Plaintiff establishes that she engaged in a protected activity, insofar as she filed a complaint with the EEOC. An adverse employment action must be "materially adverse" so that it would "dissuade[] a reasonable worker from making or supporting a charge of discrimination. *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 67 (2006). In making this determination, "context matters," as "a schedule change in an employee's work schedule may make little difference to many workers, but may matter enormously to a young mother with school-age children." *Burlington*, 548 U.S. at 69. A cut in the Plaintiff's hours can be sufficient to constitute an adverse employment action. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013). Plaintiff further alleges that such changes lasted for five months, and "impacted my eligibility for vacation hours, bonus checks, regular income." (#11, pg. 6). This is sufficient to fulfill the second element of a prima facie case for retaliation. The third element of causation is determined by the traditional principles of "but-for" causation. *See University of Texas Southwestern Medical Center v. Nassar*, 133 S.Ct. 2517 (2013). Plaintiff alleges that she was fired for making EEO and NERC complaints. Plaintiff pleads no facts to show that there is a connection between her firing and her protected activity. However, her final EEO complaint was made three months prior to the mediation in which Dorothy Perkins allegedly attempted to coax the Plaintiff into quitting, which is sufficiently close in time to establish causation solely based on timing. *See Strother v. Southern California Permanente Medical Group*, 79 F.3d 859, 870 n.14 (9th Cir. 1996) *citing Flait v. North*

*American Watch Corporation*, 3 Cal.App.4th 467, 478 (Cal. Ct. App. 2nd 1992). Therefore, the Court finds that the Plaintiff has properly pled a claim for retaliation.

### B. Gender Discrimination

Plaintiff alleges that she was held to a different standard and treated more harshly than her male co-workers. To establish a prima facie case of gender discrimination under Title VII, a plaintiff must show that: (1) she is female; (2) she performed her job adequately; (3) she suffered an adverse employment action; and (4) she was treated differently than similarly situated male employees who did not suffer the same adverse employment action. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1031 (9th Cir. 2006). Plaintiff's statement that "John Doyle holds me to a different standard than my male counterparts doing the same job" is supported by few other facts. (#11, pg. 8). Plaintiff alleges that male employees were given time off by John Doyle "without him taking any of their personal or vacation time." (#11, pg. 6). When the Plaintiff asked for time off, Doyle took her personal time. This is sufficient to state a prima facie case of gender discrimination. The Court finds that the Plaintiff has properly pled a claim of gender discrimination.

### C. Disability Discrimination

To establish a prima facie case of disability discrimination under the Americans with Disabilities Act, a plaintiff must show that (1) she is disabled, (2) she is qualified for the position, and (3) she suffered an adverse employment action because of her disability. *Snead v. Metropolitan Property and Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir. 2001). A disability is a physical or mental impairment that substantially limits one or more major life activities, a record of such an impairment, or being regarded as having such an impairment. *See* 42 U.S.C. § 12102(1)(A)-(C). Plaintiff represents that she has moderate to severe hearing loss, a condition that she has had since birth. This is sufficient to constitute a disability under the Americans with Disabilities Act. *See* 29 C.F.R. Pt. 1630, App. (describing "hearing loss" as an impairment and "hearing" as a major life activity). The Court finds that the Plaintiff has properly pled a claim of disability discrimination.

. . .

     If Plaintiff elects to proceed in this action by filing an amended complaint, she is informed that the court cannot refer to a prior pleading in order to make her amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,

     **IT IS HEREBY ORDERED** that the Clerk of Court shall file the Amended Complaint (#11).

     **IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to Defendants named in the complaint and deliver the summons to the U.S. Marshal for service. The Clerk of the Court shall send the required USM-285 forms to Plaintiff. Plaintiff shall have twenty (20) days to furnish the required USM-285 forms to the U.S. Marshal at 333 Las Vegas Blvd. South, Suite 2058, Las Vegas, Nevada 89101. After Plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, he has twenty (20) days to file a notice with the court identifying if Defendants were served. If Plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendant, then a motion must be filed with the court identifying the unserved defendant, specifying a more detailed name and address and indicating whether some other manner of service should be used. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

     **IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to

. . .

. . .

1   Defendants or their counsel.  The Court may disregard any paper received by a district judge,
2   magistrate judge, or the Clerk which fails to include a certificate of service.
3        DATED this 7th day of April, 2015.

                                            _____
                                            GEORGE FOLEY, JR.
                                            United States Magistrate Judge