UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Stephanie Gordon,<br><br>    Plaintiff<br><br>v.<br><br>Jeff Hughes, *et al.*,<br><br>    Defendants | Case No.: 2:13-cv-01072-JAD-GWF<br><br>**Order Granting Defendants' Motions to Dismiss**<br><br>[ECF 23, 32] |

Stephanie Gordon sues Home Depot and eight Home Depot managers for gender and disability discrimination and retaliation.[1] The individual defendants move to dismiss under Rule 12(b)(5) and Rule 12(b)(6).[2] Because the individual defendants are not "employers" within the meaning of the ADA and Title VII, and because they are not state actors amenable to suit under 42 USC § 1983, Gordon's claims fail as a matter of law. Accordingly, I grant defendants' motions and dismiss all claims against the individual defendants with prejudice and without leave to amend.[3]

**Background**

Gordon alleges that she was hired by Home Depot in January 2010 and assigned to the freight team.[4] Gordon has had a hearing impairment since birth, and the hiring manager was purportedly aware of this impairment.[5] Gordon was transferred from the freight team to the electrical department in March 2011.[6] The following month, defendant Hughes allegedly instructed defendants Barnicle and Doyle to have Gordon complete an accommodations form and see an audiologist at Gordon's

---

[1] ECF 11.

[2] ECF 32 (defendant John Hughes's motion); ECF 23 (all other individual defendants).

[3] I find this motion suitable for disposition without oral argument. L.R. 78-2.

[4] ECF 11 at 6.

[5] *Id.*

[6] *Id.*

expense.[7]

Gordon claims that, after she submitted the completed accommodations form, defendant Barnicle told her that her hours would be "restricted" immediately and that she was ultimately restricted for over five months:[8] her hours were slashed from roughly 30 hours per week to 12–16 hours per week.[9] This restriction purportedly impacted Gordon's eligibility for vacation hours, bonuses, and regular income.[10] And, according to Gordon, she was the only person required to work every weekend for six months straight. She also alleges that when she took time off it was deducted from her personal time, while men in the department were given time off without a deduction.[11]

Gordon alleges that in September 2011 she accepted a full-time position at another Home Depot location with a tentative start date of October 17th.[12] On the morning of October 17th, defendant Leavitt allegedly e-mailed Gordon a four-page document from defendant Cleary and told Gordon that if she did not sign it, she could not transfer.[13] Gordon refused to sign it and was denied work at both locations for four days.[14] She then filed complaints with the Nevada Equal Rights Commission ("NERC") and the Equal Employment Opportunity Commission ("EEOC"). It is unclear from the complaint whether Gordon is still employed at Home Depot or at which location.

Gordon alleges that defendants discriminated against her based on her disability and gender and that she was retaliated against for filing complaints with the NERC and the EEOC. She asserts a single claim for retaliation under the ADA, though she uses a section 1983 civil-rights form

---

[7] *Id.*

[8] *Id.*

[9] *Id.* at 8.

[10] *Id.*

[11] *Id.*

[12] *Id.* at 6, 8.

[13] *Id.*

[14] *Id.* at 7.

complaint and appears to be making a Title VII gender-discrimination claim as well.

Defendant Hughes and defendants Cleary, Leavitt, Perkins, Barnicle, Doyle, Stratham, and Guthrie[15] move to dismiss under Rule 12(b)(6), arguing that Gordon's claims fail as a matter of law because (1) they are not state actors subject to suit under section 1983 and (2) as individual employees, they are not employers subject to suit under Title VII or the ADA. Defendants Hughes, Doyle, Stratham, Guthrie, Cleary, and Perkins also move to dismiss under Rule 12(b)(5) for improper service of process.

Gordon does not directly respond to defendants' arguments. Instead, she simply repeats the allegations in her complaint and attaches unrelated news articles, information from the EEOC website describing employee rights, and a list of United States Supreme Court cases on gender discrimination,[16] none of which aids me in this analysis.

Construing Gordon's complaint liberally, I analyze her claims under section 1983, Title VII, and the ADA to determine if she has pled a plausible claim under any theory.

## Discussion

**A.   Gordon's claims against the individual defendants fail as a matter of law.**

To the extent Gordon seeks to assert a claim under section 1983, it fails as a matter of law because the defendants are not state actors,[17] nor has she alleged any facts to show that they were acting in concert with the state or performed a function that has been "traditionally the exclusive prerogative of the state."[18]

Gordon also fails to state a claim under Title VII and the ADA. The Ninth Circuit has consistently held that liability under Title VII and the ADA does not extend to individual supervisors

---

[15] ECF 23 (Hughes's motion to dismiss); ECF 32 (all other individual defendants).

[16] ECF 35.

[17] *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 836 (9th Cir. 1999) (stating that private actors are generally not state actors for section 1983 purposes).

[18] *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 353 (1974).

or employees who do not meet the statutory definition of "employer."[19]  Reasoning that Congress limited liability under Title VII and the ADA to employers with 15 or more employees because it "did not want to burden small entities with the costs [of] litigating discrimination claims," a Ninth Circuit panel in *Miller v. Maxwell's International, Inc.* found that it was "inconceivable" that Congress intended to allow individual employees to be sued under Title VII.[20]  A Ninth Circuit panel in *Walsh v. Nevada Department of Human Resources* later applied this reasoning to ADA claims.

Having determined that Gordon fails to state any plausible claims against the individual defendants under section 1983, Title VII, or the ADA, I next consider whether she should be granted leave to amend.  Because Gordon was previously given leave to amend with curative instructions[21] and because "it is absolutely clear that the deficiencies of [her] complaint could not be cured by amendment,"[22] I dismiss Gordon's claims against the individual defendants with prejudice and without leave to amend.

**B.    All claims against defendants Hughes, Cleary, Perkins, Doyle, Stratham, and Guthrie are also dismissed under Rule 12(b)(5) for improper service of process.**

"A federal court does not have jurisdiction over a defendant unless the defendant has been properly served."[23]  "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4."[24]  If service was improper, the court has discretion to dismiss an

---

[19] *See e.g.,Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) (holding that individuals are not liable under Title VII); *Walsh v. Nevada Dept. of Human Resources*, 471 F.3d 1033, 1038 (9th Cir. 2006) (applying *Miller* to bar suit against individuals under the ADA).

[20] *Miller*, 991 F.2d at 587.

[21] ECF 3.

[22] *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (internal quotation marks and citation omitted).

[23] *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

[24] *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (internal citations omitted).

action without prejudice or simply quash service.[25]

Under Rule 4(e)(2), an individual defendant can be served by: delivering a copy of the summons and complaint to the individual personally, leaving a copy of each at the individual's residence with someone of suitable age and discretion who resides there, or by delivering a copy of each to an agent authorized to receive service of process.[26]

Service on defendant Hughes was incomplete because Gordon simply left a copy of the summons and complaint with another Home Depot employee,[27] and Hughes has not authorized anyone to accept service on his behalf.[28]  Service on Doyle, Stratham, and Guthrie was likewise improper because Gordon also attempted to serve them by leaving copies of the summons and complaint with employees at their respective stores; none of these defendants authorized anyone to accept service on their behalf.[29]  Finally, service on Cleary and Perkins was improper because Home Depot legal department personnel refused to accept service, so the documents "were left at the front desk."[30]  Because Gordon has been given three extensions to provide proof of proper service,[31] dismissal of all claims against defendants Hughes, Cleary, Perkins, Doyle, Stratham, and Guthrie is also proper under Rule 12(b)(5).

---

[25] *See e.g., SHJ v. Issaquah School Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (internal citation omitted) (stating that "the choice between dismissal and quashing service of process is in the district court's discretion.").

[26] FED. R. CIV. P. 4(e)(2).  Rule 4(e)(1) also provides that an individual can be served by following the applicable state law for service.  The Nevada Rules of Civil Procedure set forth the same three methods as the federal rules.

[27] ECF 26 (summons return).

[28] ECF 32-1 (Hughes's affidavit).

[29] ECF 18, 18-2, 18-4 (summons return); ECF 23, 13–14 (Doyle's declaration), 16–17 (Stratham's declaration), 19–20 (Guthrie's declaration).

[30] ECF 21 (summons return).

[31] ECF 17, 20, 25.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED, that defendant Jeff Hughes's motion to dismiss **[ECF 32]** is **GRANTED.** Plaintiff's claims against Jeff Hughes are **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED that defendants John Cleary, Lori Leavitt, Dorothy Perkins, Tonja Barnicle, John Doyle, Elmer Stratham, and Kim Guthrie's motion to dismiss **[ECF 32]** is **GRANTED.** Plaintiff's claims against these defendants are also **DISMISSED WITH PREJUDICE**; the only remaining defendant in this case is Home Depot, Inc.

Dated January 22, 2016

_____
Jennifer A. Dorsey
United States District Judge