ANTHONY L. MARTIN
Nevada Bar No. 8177
anthony.martin@ogletreedeakins.com
CHRISTOPHER M. PASTORE
Nevada Bar No. 11436
christopher.pastore@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800
Fax:  702.369.6888

*Attorneys for Defendants Home Depot U.S.A., Inc.,*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| STEPHANIE GORDON,<br><br>    Plaintiff,<br><br>vs.<br><br>HOME DEPOT,<br><br>    Defendant. | Case No.: 2:13-cv-01072-JCM-GWF<br><br>**MOTION AND ORDER MODIFYING DATES CONTAINED IN THE DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**AND REQUEST FOR STATUS CONFERNECE**<br><br>**(Second Request)** |

Pursuant to FRCP 26, LR 6-1, 6-2, 7-1 and 26-4, Defendant Home Depot, U.S.A., Inc., ("Defendant") by and through its undersigned counsel, hereby files this Motion for an extension of the discovery cut-off period and related deadlines as contained in the Amended Stipulated Discovery Plan and Scheduling Order (Doc. # 44) and requests that the Court schedule a status conference.  This second request for an extension of time and request for a status conference is based upon the inability to communicate with Plaintiff in connection with this matter, as set forth in detail below:

/ / /

/ / /

/ / /

I. **DISCOVERY COMPLETED TO DATE**

The parties have exchanged initial disclosures. Defendant has served supplemental disclosures. Defendant also served written interrogatories, requests for production and requests for admission on Plaintiff on January 22, 2016.

II. **REMAINING DISCOVERY TO BE COMPLETED**

Defendant has noticed Plaintiff's deposition. As discussed in more detail below, because Plaintiff has not responded to any communications from Defendant, it is unclear what, if any, discovery Plaintiff intends to complete.

III. **REASONS DISCOVERY CANNOT BE COMPLETED WITHIN THE ORIGINAL DEADLINE**

Immediately following the entry of the Court's Order granting the parties joint request for an extension of discovery, the parties spoke on one (1) or two (2) occasions before January 1, 2016 regarding potential settlement, discovery and scheduling Plaintiff's deposition. Unfortunately, since those telephone communications in December 2015, undersigned counsel has been unable to speak with Plaintiff despite making numerous phone calls, leaving numerous voice mail messages, sending emails to Plaintiff and sending a letter to Plaintiff via U.S. Mail.

In early January 2016, Plaintiff sent an email to undersigned counsel and Home Depot employees indicating that she had to replace her cell phone and was having difficulties getting the phone working. Undersigned counsel responded to this email requesting that Plaintiff call undersigned counsel and undersigned counsel also responded to this email and made phone calls to Plaintiff after receiving this email. Despite multiple calls and email initiated in January 2016 by undersigned counsel, Plaintiff never answered the phone call(s), returned any phone call(s) or replied to any email(s).

Having not heard from Plaintiff for a month, undersigned counsel was unable to work with Plaintiff to schedule her deposition. Accordingly, in order to ensure that Plaintiff had proper notice of a deposition, Defendant unilaterally set Plaintiff's deposition for March 1, 2016. The notice of deposition was served via U.S. Mail on February 2, 2016. Because Plaintiff has only provided a P.O. Box, Defendant cannot confirm whether Plaintiff has received this notice or whether she is

2

available on this date. Along with the notice of deposition, undersigned counsel sent a letter to Plaintiff reiterating the message contained in previous voicemails that it was imperative that the parties discuss, among other things, her availability for a deposition, the Court's order dismissing the individual Defendants, pending written discovery and filing a stipulated protective order regarding the confidentiality of certain documents to be produced by Defendant and requested from Plaintiff in Defendant's written discovery.

On February 3, 2016, Plaintiff emailed undersigned counsel asking for his contact information because she had lost her phone and did not have any contact information on her new phone. Plaintiff's email also indicated that she was having difficulty receiving phone calls on her phone. Immediately after receiving this email, undersigned counsel replied via email and provided Plaintiff with his office number and personal cell phone number and asked her to call as soon as possible. Undersigned counsel also called Plaintiff that afternoon in hopes of reaching her, but, once again, could only leave a voicemail. Since this February 3, 2016 email from Plaintiff, undersigned counsel has made multiple phone calls to Plaintiff, but has only been able to leave voicemails and has not received a response from Plaintiff.

Due to the Plaintiff's inability or failure to respond to any substantive communication (and the fact that her only address is a P.O. Box), undersigned counsel is unable to confirm whether Plaintiff has received Defendant's deposition notice or whether Plaintiff is even available on the date scheduled for the deposition. Furthermore, the parties have been unable to discuss a potential protective order which is necessary before certain confidential documents can be produced. A copy of a proposed protective order was sent to Plaintiff in January, but undersigned counsel has received no response.

In light of the parties' inability to communicate regarding this matter during approximately the last forty-five (45) days, Defendant requests that the Court set a status conference and extend the discovery deadlines in order to give the parties an opportunity to confer regarding Plaintiff's availability for her deposition and schedule a deposition at a mutually convenient time, confer regarding a protective order, complete outstanding written discovery and further discuss settlement.

### IV. REVISED PROPOSED DISCOVERY PLAN

All discovery in this case will be conducted in accordance with the Federal Rules of Civil Procedure and applicable Local Rules of this District Court. The parties propose to the Court the following cut-off dates:

A. **Discovery Cut-off Date**: **May 11, 2016.**

B. **Dispositive Motions**: Dispositive motions shall be filed thirty (30) days after the completion of discovery, or by **June 10, 2016**.

C. **Motions In Limine/Daubert Motions**: Pursuant to LR 16-3(b), any motions in limine, including Daubert type motions, shall be filed and served thirty (30) days prior to the commencement of trial and oppositions shall be filed and served fifteen (15) days thereafter. Reply briefs will only be allowed with leave of court.

D. **Pretrial Order**: The Pretrial Order shall be filed thirty (30) days after the deadline for filing dispositive motions, or by **July 11, 2016**, unless dispositive motions have been filed, in which case the Pretrial Order will be due 30 days after a decision or further order of the Court.

E. **FRCP 26(a)(3) Disclosures**: The disclosures required by FRCP 26(a)(3) and any objections thereto shall be included in the final pretrial order.

///

///

///

///

///

///

///

4

F.   **Extensions or Modifications of the Discovery Plan and Scheduling Order**:  In accordance with LR26-4, any motion or stipulation to extend a deadline set forth in the discovery plan and scheduling order shall be received by the Court no later than 21 days before the expiration of the deadline.

DATED this 17th day of February, 2016.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Christopher M. Pastore*

Anthony L. Martin
Christopher M. Pastore
Wells Fargo Tower, Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV  89169
Telephone:  702.369.6800

*Attorneys for Defendant Home Depot, U.S.A., Inc.*

**ORDER**

IT IS SO ORDERED.

_George Foley Jr._
U.S. MAGISTRATE JUDGE

February 18, 2016
DATE

5

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of February, 2016, I electronically transmitted the attached **MOTION TO MODIFY DATES CONTAINED IN THE DISCOVERY PLAN AND SCHEDULING ORDER AND REQUEST FOR STATUS CONFERENCE** to the Clerk's Office using the CM/ECF System for filing.

Pursuant to Fed. R. Civ. P. 5(b), I hereby further certify that service of **MOTION TO MODIFY DATES CONTAINED IN THE DISCOVERY PLAN AND SCHEDULING ORDER AND REQUEST FOR STATUS CONFERENCE** was made by depositing a copy for mailing, first class mail, postage prepaid, at Tucson, Arizona to the following:

Stephanie Gordon
P.O. Box 11121
Las Vegas, Nevada 89111-1121

DATED this 17th day of February, 2016.

/s/ Carol Essig
An Employee of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800